Russell M. Shoemaker, Sr. et al. *v.* Greencastle-Antrim Board of School Directors et al. Russell M. Shoemaker, Sr., William O. Shuman, Ray Peterson, Jr., Harry H. Jones, Robert H. Cordell, Colin S. Beegle and Barbara Leydig, Appellants.

Argued March 9, 1979, before Judges CRUMLISH, JR., DISALLE and CRAIG, sitting as a panel of three.

*Frederic G. Antoun, Jr.,* for appellants.

*R. Stephen Shibla,* with him *Henry W. Rhoads; Rhoads, Sinon & Hendershot;* and, of counsel, *Rudolf M. Wertime* and *Wertime and Guyer,* for appellees.

OPINION BY JUDGE DiSALLE, July 9, 1979:

A group of taxpayers (Appellants) of the Greencastle-Antrim School District (District) filed a complaint in equity in the Court of Common Pleas of the 39th Judicial District—Franklin County Branch—seeking to enjoin the District's Board of School Directors (Board) and individual members thereof (hereinafter collectively referred to as Appellees) from transferring funds from one budget item to another and from spending these funds, allegedly in violation of Section 609 of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §6-609.[1] Specifically, Appellants contended that the Board's action to transfer the funds lacked the support of at least two-thirds of the Board's membership.[2] Appellees filed preliminary objections alleging that the court was without power to issue an injunction since the Board's action was authorized by Section 687(d) of the Code, 24 P.S. §6-687(d).[3] While

---

[1] Section 609 pertinently provides as follows:

The amount of funds in any annual estimate by any school district, at or before the time of levying the school taxes, which is set apart or appropriated to any particular item of expenditure, shall not be used for any other purpose, or transferred, except by resolution of the board of school directors receiving the affirmative vote of two-thirds of the members thereof.

[2] The Board is composed of nine members. The transfer in question was accomplished by the affirmative vote of a simple majority. Four of the Appellants represent the minority voting block. The five individual Appellees represent the majority.

[3] Section 687(d) provides as follows:

The board of school directors shall have power to authorize the transfer of any unencumbered balance, or any

overruling the objections, the court nevertheless denied the application for an injunction, concluding that it was powerless to restrain the transfer and spending of funds under the circumstances of this case. Appellants appealed from this decision.

The facts are not in dispute. On June 30, 1977, the Board, by simple majority vote, adopted a budget for the fiscal year, July 1, 1977, to June 30, 1978.[4] Later the same day, the Board levied the school taxes. On January 5, 1978, the Board, again by simple majority vote, adopted a resolution transferring funds from certain budget items to other items in the budget. It is admitted by the parties that the transferred funds represented unencumbered balances: *i.e.*, funds for which no obligation in the form of purchase orders, contracts or salary commitments existed, even though such obligations did exist when the funds were initially appropriated.[5]

---

portion thereof, from one class of expenditure or item, to another, but such action shall be taken only during the last nine (9) months of the fiscal year.

[4] Since the District is a third class school district, its fiscal year is fixed by law. *See* Section 671 of the Code, 24 P.S. §6-671.

[5] The specific sums in question were as follows:

| | | |
|---|---|---|
| 1. | From Account 0212 Curriculum Coordinator's Salary | $5,000 |
| 2. | From Account 0222 Vocational Education | 2,570 |
| 3. | From Account 0642 Clock Fund | 5,000 |
| 4. | From Account 0642 Elementary Classrooms | 6,000 |
| | Total | $18,570 |

Item 1 became unencumbered when the curriculum coordinator left the District's employ. Item 2 represents funds for a home economics class which became unencumbered when federal grants were made available. Item 3 represents monies budgeted for the replacement of the high school clock system in excess of the sum actually expended. Item 4 represents funds budgeted for the anticipated re-

The obvious problem which confronted the court below was the interpretation of Sections 609 and 687 (d). Appellants argued that Section 609 mandates that such transfer of funds, in all instances and at any time during the fiscal year, requires the affirmative vote of two-thirds of the Board. Appellees contended that Section 687(d) confers such authority on a simple majority of the Board, when the funds are unencumbered and the transfers effected in the last nine months of the fiscal year.[6] The lower court concluded that

> the power of a school district such as the Greencastle-Antrim district to transfer unencumbered funds be restricted only as to time, that is, for the first three months or after a budget has been adopted and before taxes are levied, and that at other times such funds can be transferred by a simple majority.

This interpretation derived largely from the court's conclusion that the language "at or before the time of levying the school taxes" found in Section 609 restricts the applicability of the two-thirds voting requirement to transfers during that time period, that is, the period *before* taxes are levied.

Appellants raise two arguments on appeal. First, they contend that Section 687(d) simply confers a general power upon the Board, without specifying the precise method by which such power may be exercised. Appellants point to Section 609 as establishing such

___

location of a kindergarten class, a relocation which became unnecessary when space for the class was found in existing all-purpose rooms.

[6] While Section 687(d) makes no reference to such authority being held by a simple majority of the Board, the Statutory Construction Act (Act) of 1972 makes it quite clear that a statute which confers joint authority upon three or more public officers shall be construed to confer authority upon a majority thereof. 1 Pa. C.S. §1905(a).

a procedure, *i.e.*, "by resolution of the board of school directors receiving the affirmative vote of two-thirds of the members thereof." Second, Appellants argue that the phrase "at or before the time of levying the school taxes" describes the *amount* of the funds which are transferred rather than the *time* of the transfer.

We find Appellants' first argument to be without merit. Appellants concede that Section 687(d) confers on the Board the power to transfer unencumbered balances from one class of expenditure or item to another during the last nine months of the fiscal year. As stated previously, *supra* note 6, the Statutory Construction Act makes it abundantly clear that such a grant of power shall be construed as having been conferred upon a majority of the public officers involved. Indeed, it is only where such power or authority is to be exercised by more than a simple majority of the membership of a board that a specific requirement to that effect is found in the Code.[7] We believe, therefore, that the general grant of power embodied in Section 687(d) should be construed as having been bestowed upon a simple majority of the Board and that Section 609 need not be referred to in order to ascertain the specific procedure by which such power may be exercised.

---

[7] Section 665 of the Code, 24 P.S. §6-665, which relates to first class school districts (Section 687(d) relates to all other districts), makes this quite clear. This section provides as follows:

The board of public education shall have the power to transfer any unencumbered balance, or any portion thereof, from one appropriation to another, or from one spending agency to another, by the affirmative vote of two-thirds of all members of the board.

In language strikingly similar to Section 687(d), Section 665 empowers a board, upon the affirmative vote of two-thirds of the members thereof, to transfer unencumbered balances. If Appellants' argument were correct, the reference in Section 665 to a two-thirds majority would be mere surplusage since Section 609 would apply to the transfer of *all* funds, whether encumbered or not, by *all* school boards.

The question whether Section 609 is restricted as to time is somewhat more difficult. Having carefully considered the language of this section, we find that the phrase "at or before the time of levying the school taxes" modifies the preceding phrase referring to the "amount of funds" and that therefore this section's applicability is not limited in time. However, while we believe that Section 609 embodies the *general* rule that funds budgeted for particular items of expenditure may not be transferred or used for any other purpose save by the affirmative vote of two-thirds of the members of a school board,[8] *Kennedy v. Ringgold School District*, 10 Pa. Commonwealth Ct. 191, 309 A.2d 269 (1973), it is clear that Section 687(d) creates an exception to this general rule. We hold, therefore, that a school board may, by simple majority vote, transfer, and ultimately spend,[9] funds budgeted for particular items of expenditure where (1) the school district is of the second, third or fourth class; (2) the funds transferred are unencumbered; and (3) the transfer is effected during the last nine months of the fiscal year.[10]

Our interpretation of Sections 609 and 687(d) comports with what we consider to be the public policy embodied in these statutes. In school districts of the

---

[8] Article VI of the Code is divided into six subsections, (A)- (F). Section 609 falls within subsection (A) which is denoted "General Provisions." As noted previously, Section 687(d) falls within subsection (F) which is denoted "Second, Third and Fourth Class School Districts."

[9] While no reference is made in Section 687(d) to the *spending* of funds which have been transferred, we believe that it would be meaningless to authorize transfers of funds from one account to another without also authorizing the expenditure of these funds.

[10] If the sections were viewed as irreconcilable, we would be bound to effectuate the substance of Section 687(d), not only because it was promulgated last in time, but also because it appears to be the more special or particular provision when compared to Section 609. *See* 1 Pa. C.S. §§1933-34. A provision substantially

second, third or fourth class the approval of only a simple majority of the members of the board is all that is necessary for the adoption of a budget. *See* Section 687(b) of the Code, 24 P.S. §6-687(b). The requirement that budgeted funds may be transferred during the first three months of the fiscal year only by the affirmative vote of two-thirds of the school board's members would seem to be calculated to promote greater certainty and stability in budgetary matters. Thus, once a simple majority budgets an amount for one item of expenditure, it may not, during such period, transfer this sum, or any part thereof, to another item, save by the vote of a two-thirds majority of the board's members. However, when it becomes apparent that budgeted funds have become *unencumbered* and are no longer necessary for the purposes for which they were originally budgeted, such items may then be freely transferred by simple majority action of the board—the very same vote necessary for the adoption of a budget in the first instance. This seems altogether prudent and in no way likely to contribute to confusion or instability in budgetary matters.

We believe, therefore, that the action of the Board in the instant case transferring unencumbered balances during the last nine months of the fiscal year was authorized by Section 687(d) of the Code and that the lower court was without power to enjoin such action. Accordingly, we will affirm the court's denial of the application for injunctive relief.

### Order

And Now, this 9th day of July, 1979, the order of the Court of Common Pleas of the 39th Judicial District—Franklin County Branch, dated June 2, 1978, is hereby affirmed.

---

similar to Section 687(d) made its first appearance in the Act of July 18, 1935, P.L. 1192.